**25** LILLIAN I. GILES, Appellant, v LOCKPORT SAVINGS BANK, Respondent.—Order unanimously affirmed without costs. Memorandum: Defendant Lockport Savings Bank did not violate Executive Law § 296 (16) by firing plaintiff after the entry of an order adjourning the criminal action against her in contemplation of dismissal but before the action was dismissed six months later. Executive Law § 296 (16) provides that it shall be an unlawful discriminatory practice to "act upon adversely to the individual involved, any arrest or criminal accusation * * * not then pending * * * which was followed by a termination of that criminal action * * * in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, in connection with * * * employment". Dispositive here is the key language in this subdivision, a "criminal accusation * * * *not then pending",* and *"termination* of that criminal action" (emphasis added). CPL 160.50 (2) lists the instances where a criminal action shall be considered terminated in favor of the accused, including where "(b) an order to dismiss the entire accusatory instrument against such person pursuant to section 170.30, 170.50, 170.55, 170.56, 170.75, 180.70, 210.20, or 210.46 of this chapter or [former] section 81.25 of the mental hygiene law was entered or deemed entered". In all of the sections listed in CPL 160.50 (2) (b), except CPL 170.55, 170.56, 210.46, and Mental Hygiene Law former § 81.25 (renum § 23.11), the accusatory instrument is dismissed by an order which is entered.

CPL 170.55, 170.56, 210.46, and Mental Hygiene Law former § 81.25 all relate to an adjournment in contemplation of dismissal where the action is adjourned by an order which is entered, but the accusatory instrument is not dismissed by that order. Rather, if the action is not restored to the calendar within the adjourned period, "the accusatory instrument is, at the expiration of such period, *deemed to have been dismissed* by the court in furtherance of justice" (CPL 170.55 [2] [emphasis added]; *see,* CPL 170.56 [2]; 210.46 [referring to CPL 170.56]; Mental Hygiene Law former § 81.25).

The language "deemed entered" in paragraph (b) of CPL 160.50 (2) is significant. It is not present in any of the other paragraphs. In the other paragraphs, the accusatory instruments are dismissed by orders which are entered. Only in paragraph (b) is there need for the additional words "deemed entered" because paragraph (b) includes adjournments in contemplation of dismissal where the accusatory instruments are not dismissed by formal orders but are "deemed to have been dismissed" after the entry of the orders of adjournment in contemplation of dismissal.

When CPL 160.50 was first enacted (L 1976, ch 877), subdivision (2) (b) did not contain the words "or deemed entered". It read merely "(b) an order to dismiss the accusatory instrument pursuant to section * * * was entered". In 1977, the Legislature amended CPL 160.50 (L 1977, ch 905) to correct "deficiencies", "inconsistencies",· and "technical problems" (mem of State Exec Dept, 1977 McKinney's Session Laws of NY, at 2452-2453). Among the changes provided for in the amendment were the inclusion in subdivision (2) (b) of dismissals "following an ACD [adjournment in contemplation of dismissal] under Mental Hygiene Law [former] section 81.25". *(Id.,* at 2453.) It is apparent that the draftsman of the 1977 amendment realized that in instances of adjournments in contemplation of dismissal the accusatory instruments were not dismissed by an order entered, but were "deemed" dismissed and therefore added the words, "or deemed entered". (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Doerr, J. P., Denman, Boomer, Green and Balio, JJ.